## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

WILLIAM BOYDE POOLE,      )
                            )

    Plaintiff,              )    **CJ - 2016 - 6329**
                            )

    v.                  )    Case No.: CJ-2016-_____

PRINCIPAL LIFE INSURANCE  )    **FILED IN DISTRICT COURT**
COMPANY and CARL PETTIGREW, D.O.,  )    **OKLAHOMA COUNTY**
                            )

    Defendants.           )    **DEC 13 2016**

                            **RICK WARREN**
            **PETITION**    **COURT CLERK**
                          42_____

Plaintiff alleges:

1.    Plaintiff William Boyde Poole contracted for a policy of insurance with Defendant Principal Life Insurance Company that provided, among other things, benefits due to Plaintiff's disability.

2.    At all relevant times set forth herein, said policy of insurance was in full force and effect, and Plaintiff has complied with all conditions precedent not waived or excused by Defendant Principal's conduct.

3.    Plaintiff became disabled due to illness and entitled to benefits under the insurance policy as of April 26, 2012, and Defendant Principal began paying monthly benefits as required by the policy.

4.    In breach of the terms of the insurance policy, Defendant Principal stopped paying benefits due and owing as of December 15, 2014, and Plaintiff has incurred actual damages in the amount of benefits due and that continue to accrue each month.

5.    In failing to pay Plaintiff the benefits due and that are continuing to accrue, Defendant Principal has breached its duty of utmost good faith and fair dealing owed by an

Exhibit
1

insurer to its insured.   Among other things, Defendant Principal has failed to conduct an adequate investigation appropriate under the circumstances, has failed to conduct a full and fair investigation and has placed its own interests ahead of those of its insured, Plaintiff William Boyde Poole.  Defendant Principal has acted unreasonably as there is no legitimate dispute as to Plaintiff's right to both past and future payments under the policy.

6.      As a result of Defendant Principal 's breach of its duty of good faith, Plaintiff has suffered actual monetary damages and has also suffered inconvenience, loss of peace of mind and security, emotional distress, worry, anguish, and financial distress.

7.      Defendant Principal's unreasonable failure and refusal to deal fairly with its insured in the absence of any legitimate basis or dispute is intentional, willful, malicious and in reckless disregard for the rights of Plaintiff William Boyde Poole.  Therefore, Plaintiff is entitled to recover punitive damages to punish Defendant Principal and to deter it and other insurers from engaging in similar future conduct.

8.      For his alternative claim, Plaintiff states that Defendant Pettigrew is an Oklahoma physician who conducted an "Independent Medical Examination" of the Plaintiff at the request of Defendant Principal.

9.      In the alternative to Plaintiff's claims against Defendant Principal, Plaintiff states that the report of the examination of the Plaintiff that Defendant Pettigrew prepared and shared with Defendant Principal was either negligently below the standard of care or was intentionally false, and was made to induce Defendant Principal to rely on it.

10.     As a physician licensed to practice medicine in Oklahoma, Defendant Pettigrew owed a duty to Plaintiff (as well as to Defendant Principal) to perform a fair and legitimate examination and to render a fair and honest opinion.

2

11.    Defendant breached the duty he owed to Plaintiff (and to Defendant Principal).

12.    As a direct result of Defendant Pettigrew's breach of duty and/or intentional conduct, Plaintiff has suffered the following damages that were foreseeable to Defendant Pettigrew: actual monetary damages, inconvenience, loss of peace of mind and security, emotional distress, worry, anguish, and financial distress.

13.    Defendant Pettigrew acted intentionally to interfere with Plaintiff's contractual right to receive disability benefits, and did in fact induce Defendant Principal to stop paying benefits, causing Plaintiff to suffer the damages listed above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff William Boyde Poole prays that this Court enter judgment against Defendant Principal Life Insurance Company for actual damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), punitive damages in an amount sufficient to punish the Defendant and to deter Defendant and other insurers from engaging in similar future conduct, but in any event in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), attorney fees and interest at the rate of 15% pursuant to 36 O.S. § 3629(B), together with costs of this action, and for such further relief to which Plaintiff may be entitled.

In the alternative, Plaintiff William Boyde Poole prays that this Court enter judgment against Defendant Carl Pettigrew, D.O., for actual damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), punitive damages in an amount sufficient to punish the Defendant and to deter Defendant and other physicians from engaging in similar future conduct, but in any event in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), together with cost of this action, and for such further relief to which Plaintiff may be entitled.

DEREK K. BURCH, OBA #13004
DEEANN L. GERMANY,  OBA #17750
JAMES A. SCIMECA, OBA #10950
BURCH, GEORGE and GERMANY
1500 City Place Building
204 North Robinson
Oklahoma City, OK  73102
Telephone:     (405) 239-7711
Telecopier:     (405) 239-7795
derekburch@burch-george.com
deeanngermany@burch-george.com
jscimeca@burch-george.com

ATTORNEYS FOR PLAINTIFF

**ATTORNEY'S LIEN CLAIMED**